(No. 3918—

GOLDBLATT BROS., INC., A CORPORATION, claimant vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 13, 1947.*

BERNARD ROSENCRANZ, BERNARD BROWN, Attorneys for claimant.

GEORGE F. BARRETT, Attorney General, WM. L. MORGAN, Assistant Attorney General, of counsel, for respondent.

DAMRON, J.

This is a claim of Goldblatt Bros., Inc., for an award in the sum of $3,705.75.

The claim is based on Section 29 of the Workmen's Compensation Act which provides that where an injury or death for which compensation is payable by the employer under the Workmen's Compensation Act was caused under circumstances creating a legal liability for damages in some person other than the employers, such other person having also elected to be bound by the Act, or being bound thereby under Section (3) of the Act, then the right of the employee to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under the Act by reason of such injury or death of such employee.

The complaint alleges that claimant's employee, Ira Messersmith, on the 3rd day of September 1943, was injured while walking across the Cass Street Bridge of the

Illinois Waterway, at Joliet, Illinois, and through the negligent act of the bridge tender in raising said bridge without due notice, caused Ira Messersmith to slide down the western slope of the raised bridge, fracturing his left hip and injuring his right knee.

At the hearing before the Commissioner, the claimant introduced a certified copy of an application for adjustment of claim which was filed with the Industrial Commission by the said Ira Messersmith on the 5th day of December 1944, against Goldblatt Bros., Inc., alleging that he sustained an accidental injury on the 3rd day of September 1943, arising out of and in the course of his employment. On the 23rd day of February 1945, an arbitrator awarded compensation at the rate of $11.16 per week for a period of 416 weeks and one week at $1.04 and thereafter a pension during his lifetime, as provided in Paragraph (f) Section 8 of the Workmen's Compensation Act, as amended. No petition for review by the Industrial Commission was ever filed by either Messersmith or Goldblatt Bros., Inc., but on the 3rd day of March 1945, Messersmith settled his claim under the award with this claimant for $2,000.00. A settlement contract and petition for lump sum in the sum of $2,000.00 was filed with the Industrial Commission, and on the 14th day of March 1945, the settlement contract was approved, the petition for the lump sum was granted and the sum of money was paid to said Ira Messersmith, by this claimant.

The claimant contends that the respondent should reimburse it for all money expended, because it says that its employee was injured through the negligent act of the bridge tender, who was an employee of the State of Illinois, on the date of the occurrence.

It is the contention of the respondent that as no

liability or responsibility rested upon the State of Illinois for the negligent or tortuous acts of its officers, agents, or employees at the time of the events upon which said claim is based, the claimant has not stated a cause of action and therefore its claim should be dismissed.

Section 23 of the Illinois Waterway Act (Chap. 19, Section 101 Smith-Hurd Annotated Statutes) makes provision for the liability of the State for all damages

(a) to real estate or personal property within or without the radius or zone of the Illinois Waterway and for all damages.

(b) to persons caused by the construction, maintenance or operation of the Illinois Waterway and its appurtenances.

The respondent in resisting this claim, while admitting that the above provision in the Waterway Act makes provision for the liability of the State for damages to real estate, personal property, and to persons, denies that this Act has any application to the case in question because it says the Cass Street Bridge in Joliet, over the Illinois Waterway, is a part of Illinois SBI Rt. No. 22 and that the construction of said bridge and the maintenance thereof was for the purpose of carrying said route over the Illinois Deep Waterway and was a part of the construction by the State, of a state-wide system of durable hard surface roads upon the public highways of Illinois, and therefore the State cannot be bound nor is liable to another for the negligent acts of its officers, agents, or employees in the performance of their governmental functions in the Highway Department.

This Court will take judicial notice that sometime prior to the year 1932, the respondent commenced the construction of the Illinois Waterway through the City of Joliet and was engaged in such construction work during all the year of 1932 and for some time thereafter. Said waterway in passing through the City of Joliet runs in a

northerly and southerly direction and in general, following the bed of the DesPlaines River and the Illinois and Michigan Canal and occupies the space thereto which was occupied by said River and Canal.

Cass Street in said City of Joliet, extends in an easterly and westerly direction and intersects the Illinois Waterway at right angles. Prior to the time of the construction of the Illinois Waterway, said DesPlaines River and said Illinois and Michigan Canal were crossed by a public bridge approximately level and at grade on Cass Street.

Respondent commenced the work of demolishing the then existing bridge on Cass Street about May 1, 1932 and commenced the construction of a new bridge on said street to take the place of the old bridge. The Cass Street bridge and approaches were completed about the 1st day of January 1933. It was so constructed as to provide a clearance thereunder of 16½ feet, thereby making the floors of said bridge approximately 18 feet higher at the crown than the floors of the old bridge. *Stein et al* vs. *State* 8 C.C.R. 251 at 253. This new construction was necessary in order to permit boats and barges travelling this water route to clear. It was a part and parcel of the specifications of the waterway system. It had no connection with the needs of the Highway Department and although it was under the jurisdiction of the Department of Public Works and Buildings (Division of Highways) the layout and construction of said bridge was primarily for the accommodation of traffic on the waterway system as aforesaid. So far as the demand for highway purposes was concerned, there is nothing in the record that indicates there was need for the reconstruction of said bridge or the building of an incline approach thereto. It must be admitted that the canal was being reconstructed as a

part of the Illinois Deep Waterway project and that as a part of such program, it was deemed necessary to elevate the Cass Street Bridge to aid in carrying out the purposes of the Deep Waterway.

It is the contention of the respondent that the Cass Street Bridge is a part of the Highway Department and has nothing to do with the Waterway Department and in support of its contention cites Section 84, Paragraph 5 of Chap. 19, Illinois Revised Statutes which defines the powers of the Department of Public Works and Buildings as follows:

"84. Department of Public Works and Buildings to control. The construction, maintenance, control and operation of 'Illinois Waterway' and its appurtenances shall devolve upon the Department of Public Works and Buildings."

Respondent argues that since claimant's employee was injured as a result of sliding down the bridge toward the west when the bridge was opened for the purpose of being painted, and since the injured man was found lying on the highway off of the bridge, and since the bridge is no part of the Department of Waterway but belongs to the Highway Department, claimant should not maintain its action and an award should be denied.

If we could agree with respondent that the Cass Street Bridge was not a part of the Illinois Waterway, the motion to deny an award would be sustained. This Court has had many claims filed before it and the decisions rendered consistently adhered to the rule that the State was not liable for the negligence or torts of its officers, agents, or employees under, "An Act creating the Court of Claims and prescribing its powers and duties" approved June 25, 1917. *Brookshire* vs. *State,* 14 C.C.R. 134; *Sanford* vs. *State,* 12 C.C.R. 360. In *Turner et al* vs. *State,* 12 C.C.R. 265 we held the State is not liable for the

negligence of its officers, agents, or employees in the conduct of a governmental function in the absence of a statute making it liable. To the same effect are *Hewlett* vs. *State,* 13 C.C.R. 27 and *Hallisey* vs. *State,* 14 C.C.R 156.

The Waterway Act specifically provides in Section 23 that if damages are sustained by a person through a negligent act in the construction, maintenance, or operation of the Waterway and its appurtenances, the State shall be liable. It is evident that the Legislature in the enactment of this statute intended to make an exception to the rule as laid down in the cases above cited.

Upon consideration of the record in this case, we find that the proximate cause of the injury to claimant's employee was the negligent act of omission of the respondent's bridge tender at and before the happening of the accident. We further find that said negligent act of respondent's employee created a legal liability as provided in Section 29 of the Workmen's Compensation Act, as amended, and at the time of the occurrence, said employee and respondent were operating under the provisions of said Act.

The evidence discloses that claimant has been put to an expense for hospitalization, medical, and its settlement with its employee through the Industrial Commission, of $3,705.75 for which it is entitled to be reimbursed.

An award is therefore entered in favor of Goldblatt Bros., Inc., in the sum of Three Thousand Seven Hundred Five Dollars Seventy-Five Cents ($3,705.75).

D. V. Sheffner, Geneva, Illinois, has presented a bill for reporting services in this cause in the sum of $62.00, and A. M. Rothbart, Court Reporting Services, has presented a bill for taking and transcribing certain portions of the testimony in the sum of $22.60.

The Act creating the Court of Claims of Illinois does not contain a provision authorizing this Court to enter an award for these services in a claim such as this. These claims must therefore be denied.